IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-03085-MSK-MJW

STEPHEN C. NEVIN,

      Plaintiff,

v.

COLORADO ALTITUDE TRAINING, LLC, d/b/a Prevenex, a Colorado limited liability
corporation,

      Defendant.

---

**OPINION AND ORDER GRANTING MOTION TO REMAND AND DENYING
REQUEST FOR ATTORNEY FEES**

---

    **THIS MATTER** comes before the Court on the Plaintiff's Motion for Forthwith Remand

to State Court and for Attorney Fees and Costs (#**6**), to which the Defendant Colorado Altitude

Training LLC ("CAT") responded (**#17**), and the Plaintiff replied (**#19**).  Having considered the

same, the Court **FINDS** and **CONCLUDES** the following.

    According to the First Amended Complaint, which is now the operative pleading[1],

Plaintiff Steven C. Nevin received from CAT a $500,000 promissory note, secured with CAT's

inventory, equipment, receivables, contract rights, general intangibles, investment property,

other property as defined in the security agreement.  Mr. Nevin properly perfected the security

interest.  After various lawsuits and a bankruptcy proceeding involving CAT, Mr. Nevin

ultimately received an assignment of CAT's property pursuant to a court order; the assigned

---

[1]After the motion to remand was filed, Mr. Nevin sought and was granted leave to file an
amended Complaint to clarify that his claims did not involve patent infringement or construction
of any patent.

property includes several patents but also technological information and materials that apparently relate to the patents but are not themselves patented.

Mr. Nevin contends that despite the assignment, giving him ownership of the technological information and materials, CAT has continued to use this information.  Mr. Nevin has obtained permission of the bankruptcy court to pursue claims against CAT for wrongful use of the assigned property. This lawsuit was originally filed in Boulder County, Colorado District Court.  Mr. Nevin asserts the following claims against CAT based on CAT's alleged continued use of the assigned technological information and materials: (1) breach of contract; (2) state law misappropriation of trade secrets; (3) conversion; (4) unjust enrichment; and (5) common law misappropriation.  Mr. Nevin expressly states in the Amended Complaint that the claims asserted in this lawsuit do not involve the assigned patents and that none of the claims assert infringement of the patents.

CAT removed the case to this Court on November 28, 2011.  In its Notice of Removal (**#1**), CAT asserted that federal jurisdiction is present under 28 U.S.C. §1331 and 28 U.S.C. §1338 because the case arises under the patent laws of the United States.

CAT has the burden of proof to demonstrate that this Court has jurisdiction over the matter.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir.2005) (noting that the party invoking federal jurisdiction bears the burden of proof).  Although 28 U.S.C. § 1338(a) gives the federal district courts original jurisdiction in cases "arising under any Act of Congress relating to patents," jurisdiction is present only if "federal patent law creates the cause of action or ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).  Although property at

issue may be governed by patents, and pertinent evidence might peripherally involve the patents does not mean that any question of federal patent law is implicated. *Russo v. Ballard Med. Prods.*, 550 F.3d 1004, 1010 (10th Cir. 2008).

Here, Mr. Nevins' claims for relief are not based on federal patent law but instead, upon state law. Mr. Nevin has clarified by way of the Amended Complaint that he seeks relief only for the alleged improper use of the technological information and materials - that CAT has continued to use technological information and know-how despite Mr. Nevin's current ownership of the material, not that CAT has infringed on Mr. Nevin's patents. CAT has not shown that interpretation or application of patent law will be an issue in this case.

Given the absence of a federal question or other basis for jurisdiction, remand is appropriate. However, Mr. Nevin's request for attorney fees is denied. Under 42 U.S.C. §1447(c), an order remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." No fees are awarded here, however, because the original Complaint contained some ambiguity as to whether the claims for relief might involve the patents and therefore CAT's removal was not wholly unjustified.

**IT IS THEREFORE ORDERED**

1. The Plaintiff's Motion for Forthwith Remand to State Court and for Attorney Fees and Costs (#**6**) is **GRANTED IN PART AND DENIED IN PART.** This case

shall be remanded to the District Court for Boulder County, Colorado.  The Plaintiff's

request for attorney fees is denied.

Dated this 3rd day of January, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge